CAUSE NO. 64833 _____

| | | |
|---|---|---|
| CAROLYN MILLICAN AND MARVIN MILLICAN, | § § § § | IN THE JUDICIAL COURT OF |
| *Plaintiffs,* | § | |
| | § | HARDIN COUNTY, TEXAS |
| V. | § § | |
| ALLSTATE VEHICLE AND PROPERTY INSURNACE COMPANY | § § § | 88TH _____ DISTRICT COURT |
| *Defendant.* | | |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Carolyn Millican and Marvin Millican, ("Plaintiffs"), and files **Plaintiffs' Original Petition,** complaining of Allstate Vehicle and Property Insurance Company ("Allstate"), (or "Defendant") and for cause of action, Plaintiffs respectfully show the following:

### DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4.

### PARTIES

2. Plaintiffs, Carolyn Millican and Marvin Millican, reside in Hardin County, Texas.

3. Defendant, Allstate Vehicle and Property Insurance Company, is a foreign insurance company, engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon Allstate, through its registered agent for service listed with the Texas Department of Insurance: **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or wherever they may be found**. Plaintiffs request service at this time.

## JURISDICTION

4. The Court has jurisdiction over Allstate because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Allstate's business activities in the state, including those in Hardin County, Texas, with reference to this specific case.

## VENUE

5. Venue is proper in Hardin County, Texas because the insured property is located in Hardin County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Hardin County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6. Plaintiffs assert Claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7. Plaintiffs owned an Allstate insurance policy, number 000838558956 ("the Policy"). At all relevant times, Plaintiffs owned the insured premises located at 1023 Magnolia Street, Village Mills, Texas 77663 ("the Property").

8. Allstate or its agent sold the Policy, insuring the Property, to Plaintiffs. Allstate represented to Plaintiffs that the Policy included wind and hailstorm coverage for damage to Plaintiffs' property. Coverage for all perils began May 26, 2022 and ended May 26, 2023 ("Policy Period"). Allstate has refused the full extent of that coverage currently owed to Plaintiffs.

9. The Property sustained extensive damage resulting from a severe storm that passed through the Tyle County, Texas area during the Policy Period.

10. In the aftermath of the storm, Plaintiffs submitted a Claim to Allstate against the Policy for

damage to the Property. Allstate assigned Claim number 0710802687 (the "Claim") to Plaintiffs' Claim. The claim was assigned a date of loss of April 15, 2023.

11. Plaintiffs asked Allstate to cover the cost of damage to the Property pursuant to the Policy.

12. Allstate hired or assigned its agent, ("Agent"), to inspect and adjust the claim. Agent conducted an inspection on or about May 3, 2023.

13. Agent under represented to Plaintiffs the amount of storm-related damage to the Property. After application of depreciation and $4,418.00 deductible, Plaintiffs were left without adequate funds to make repairs on the entirety of the Claim.

14. Allstate, through its agent, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

15. Allstate has ultimately refused full coverage which includes, but is not limited to, damage to the dwelling roof, ridge cap, drip edge, flashing, gutters, downspout, pergola roof, and window screens.

16. The damage to Plaintiffs' Property is currently estimated at $45,629.63.

17. Agent had a vested interest in undervaluing the claims assigned to him by Allstate in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's, as well as the difference in valuation, is evidence of unfair claims handling practices on the part of Agent.

18. Furthermore, Agent was aware of Plaintiffs' $4,418.00 deductible prior to inspecting the Property. Agent had advanced knowledge of the damages he needed to document in order to be able to deny the Claim.

19. Agent misrepresented the actual amount of damage Plaintiffs' Property sustained in addition to how much it would cost to repair the damage. Agent made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiffs would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

20. After reviewing Plaintiffs' Policy, Agent misrepresented that the damage was caused by non-covered perils. Agent used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy.

21. As stated above, Allstate improperly and unreasonably adjusted Plaintiffs' Claim. Without limitation, Allstate and Agent misrepresented the cause of, scope of, and cost to repair damages to Plaintiffs' Property, as well as the amount of insurance coverage for Plaintiffs' Claim or loss under the Policy.

22. Allstate made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Allstate made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Agent.

23. Plaintiffs relied on Allstate's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs' Property. Plaintiffs' damages are the result of Plaintiffs' reliance on these misrepresentations.

24. Upon receipt of the inspection and estimate reports from Agent, Allstate failed to assess the Claim thoroughly. Based upon Agent's grossly unreasonable, intentional, and reckless

Plaintiffs' Original Petition                                                                 4

failure to investigate the Claim properly prior to underpaying coverage, Allstate failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

25. Because Allstate failed to provide coverage for the Claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiffs' Property.

26. Furthermore, Allstate failed to perform their contractual duties to Plaintiffs under the terms of the Policy. Specifically, Agent performed an unreasonable and substandard inspection that allowed Allstate to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

27. Allstate's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant Allstate and Plaintiffs.

28. Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Allstate has failed to settle Plaintiffs' Claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Specifically, Allstate has failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

29. Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Allstate failed to provide Plaintiffs a

reasonable explanation for underpayment of the Claim.

30. Additionally, after Allstate received statutory demand on or about October 27, 2023, Allstate has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' Claim properly.

31. Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Agent performed a biased and intentionally substandard inspection designed to allow Allstate to refuse to provide full coverage to Plaintiff under the Policy.

32. Specifically, Allstate performed an outcome-oriented investigation of Plaintiffs' Claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

33. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to Agent's subpar inspection, Allstate failed to reasonably accept or deny Plaintiffs' full and entire Claim within the statutorily mandated time after receiving all necessary information.

34. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Agent's intentional undervaluation of Plaintiffs' Claims, Allstate failed to meet its obligations under the Texas Insurance Code regarding timely payment of the Claim. Specifically, Agent's understatement of the damage to the Property caused Allstate to delay full payment of Plaintiffs' Claim longer than allowed, and Plaintiffs have not received rightful payment for Plaintiffs' Claim.

35. Allstate and Agent's wrongful acts and omissions have forced Plaintiffs to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## IMPPOSSIBILITY

36. Defendant's conduct has impeded the performance of Plaintiffs' obligations or made it difficult or impossible for the Plaintiffs to continue performance while Defendant takes advantage of any non-performance it has caused. Per the terms of the Policy, Plaintiffs' recovery of replacement cost value benefits is dependent on Plaintiffs' performance of repairs. However, Defendant's conduct and various breaches of its obligations and duties under the terms of the Policy have made Plaintiffs' performance impossible for the Plaintiff to complete so that they may recover the replacement cost value of the repairs.

## CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

37. All paragraphs from the fact section of this petition are hereby incorporated into this section.

## BREACH OF CONTRACT

38. Allstate is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Allstate and Plaintiffs.

39. Allstate's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance

contract with Plaintiff.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

40. All allegations above are incorporated herein.

41. Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

42. Allstate's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

43. Allstate's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the Claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

44. Allstate's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the Claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

45. Allstate's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

46. Allstate's unfair settlement practice of refusing to pay Plaintiffs' Claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

47. All allegations above are incorporated herein.

48. Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

49. Allstate's failure to notify Plaintiffs in writing of its acceptance or rejection of the full Claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

50. Allstate's delay in paying Plaintiffs' Claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

51. All allegations above are incorporated herein.

52. Allstate's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

53. Allstate's failure to adequately and reasonably investigate and evaluate Plaintiffs' Claim, although, at that time, Allstate knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

54. All allegations above are incorporated herein.

55. Allstate's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are consumers of goods and services provided by Allstate pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Allstate. Specifically, Allstate's violations of the DTPA include, without limitation, the following matters:

   A. By its acts, omissions, failures, and conduct, Allstate has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Allstate's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' Claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

   B. Allstate represented to Plaintiffs that the Policy and Allstate's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

   C. Allstate also represented to Plaintiffs that the Policy and Allstate's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

   D. Furthermore, Allstate advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.  Allstate breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiffs to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.  Allstate's actions are unconscionable in that Allstate took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Allstate's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

G.  Allstate's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

56. Each of the above-described acts, omissions, and failures of Allstate is a producing cause of Plaintiffs' damages. All the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

57. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

58. Defendant waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

59. Since the Claim was made, Allstate has not properly compensated Plaintiffs for all necessary repairs made, which are covered under the Policy. This has caused undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant's mishandling of Plaintiffs' Claim in violation of the laws set forth above.

60. Plaintiffs currently estimate that actual damages to the Property under the Policy are $45,629.63.

61. Defendant made the above and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendant made these false misrepresentations with the intent that Plaintiffs act in accordance with the misrepresentations. Plaintiffs then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiffs suffered damages as a result.

62. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendant has caused Plaintiffs' damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiffs' Property, and any investigative and engineering fees incurred.

63. For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' Claim, consequential damages, together with attorney's fees.

64. For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times Plaintiffs' actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

65. For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' Claim, plus an eighteen percent (18%) per annum penalty on that Claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

66. For breach of the common-law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Allstate owed, exemplary damages, and damages for emotional distress.

67. Defendant's breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

68. For the prosecution and collection of the Claims, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

69. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek only monetary relief of $250,000.00 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiffs also seeks pre-judgment and post-judgment interest at the highest legal rate. Further, Plaintiffs elect to plead out of the expedited action process governed by Texas Rule of Civil Procedure 169.

## JURY DEMAND

70. Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Hardin County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

Plaintiffs pray that Defendant, Allstate Vehicle and Property Insurance, be cited and served to appear and that upon trial hereof, Plaintiffs, Carolyn Millican and Marvin Millican, recovers from Defendant, Allstate, such sums as would reasonably and justly compensate Plaintiffs in

accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiffs, Carolyn Millican and Marvin Millican, may show is justly entitled.

Respectfully submitted,<br>
<i>/s/ Brandon Schilter</i><br>
Chad T. Wilson<br>
Bar No. 24079587<br>
G. Brandon Schilter<br>
Bar No. 24098388<br>
CHAD T. WILSON LAW FIRM PLLC<br>
455 E Medical Center Blvd, Ste 555<br>
Webster, Texas 77598<br>
Telephone: (832) 415-1432<br>
Facsimile: (281) 940-2137<br>
<b>eservice@cwilsonlaw.com</b><br>
cwilson@cwilsonlaw.com<br>
bschilter@cwilsonlaw.com<br>
ATTORNEYS FOR PLAINTIFFS